NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2227
_____

KOKOU AMEVAVA AWLIME,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A098-420-012)
Immigration Judge:  Honorable Alberto J. Kiefkohl
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2012

Before:  SCIRICA, RENDELL and SMITH, Circuit Judges

(Opinion Filed: January 17, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

   Kokou Amevava Awlime petitions for review of the Board of Immigration

Appeals' ("BIA") refusal to reopen his case.  The BIA held that his motion to reopen

was untimely, rejecting his claim that it was a timely motion in response to changed

country conditions in Awlime's native Togo.  The BIA further held that Awlime's motion, even if timely, failed to establish a prima facie case for relief because it did not sufficiently demonstrate a reasonable possibility that Awlime would be tortured or persecuted if sent back to Togo.  We will deny his petition for review.

Mr. Awlime fled from Togo in 2003 to escape persecution.  He applied for asylum in the United States in 2004, claiming he had been persecuted in Togo due to his activities as a union leader for taxi drivers.  His application mentioned, but did not emphasize, his membership in an opposition political party in Togo called the Union des Forces du Changement ("UFC").  The Immigration Judge ("IJ")  found that he was not credible and denied relief.[1]  The BIA dismissed his appeal and we denied his petition for review, finding that the adverse credibility ruling was supported by substantial evidence; we denied panel re-hearing on March 13, 2010 and Awlime did not move to re-open until July 2010.

There is no question that Awlime's motion to re-open was filed well beyond the 90 day deadline set out in 8 U.S.C. § 1229a(c)(7)(C)(i).  Awlime argues that his motion is nonetheless timely under 8 U.S.C. § 1229a(c)(7)(C)(ii) because of changed country conditions.  He alleges that since his hearing, the Togolese government has been attacking UFC members who have taken to the streets protesting the March 2010

---

[1] As part of his application, Awlime submitted photographs purportedly showing him receiving medical care.  He claimed that these pictures were taken in 2001, after he was tortured by the Togolese government.  However, it was discovered that the photographs were actually taken in 2003.  The IJ found Awlime's explanation for the time disparity—that Awlime was trying in 2003 to "memorialize" his condition from 2001—not credible.  (A.R. 264-65.)

2

elections, which they contend were rigged. Based on this, he argues that he will likely be subjected to detention if he returns. He offers two affidavits that attest to his UFC membership and describe conditions in Togo.

The evidence Awlime offers does not describe any real change in conditions over time in Togo. Rather, it refers to activity that has occurred over several years, including some recent examples. Awlime presented evidence of similar (and perhaps more egregious) acts of political violence against UFC members when he originally applied for asylum. Moreover, as the BIA noted, nothing in the record indicates any interest in pursuing Awlime. The arrests that he cites to are of protesters, some of whom happen to be UFC members. This does not demonstrate that Awlime would be targeted on his return.

We review the BIA's denial of a motion to re-open for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have us afford [it]", *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003). We will only disturb its ruling if it was arbitrary, irrational, or contrary to law. *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002). We cannot so conclude here, and, accordingly, will deny Awlime's petition.